UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL JOSEPH WIK,

                        Plaintiff,

                        MEMORANDUM & ORDER
-vs-                      07-CV-6541-CJS

CITY OF ROCHESTER, *et al.*

                        Defendant.

**Siragusa, J.** Before the Court is Plaintiff's motion (Docket No. 71) "TO MODIFY ORDER." Plaintiff seeks modification of the "Order of the Court dated the 12th of May 2009." The Court issued two Orders dated May 12, and both were docketed May 13. (Docket Nos. 67 & 68.)

The Court's Memorandum and Order (Docket No. 67) denied Plaintiff's applications seeking reconsideration of the Court's Order (Docket No. 39) (denying Plaintiff's motion for a temporary restraining order), the Court's Order (Docket No. 42) (clarifying the Court's February 18, 2009 Order) and the Court's Order (Docket Nos. 51 and 54) (denying Plaintiff's motion to strike Defendants' answer). In its Memorandum and Order (Docket No. 68), the Court clarified its Decision and Order (Docket No. 21), which dismissed several of Plaintiff's claims.

Though Plaintiff does not cite the Federal Rule under which he seeks relief, the Court notes that Federal Rule of Civil Procedure 60 provides relief from a judgment or order as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2007). The Court's initial decision (Docket No. 21) was based on its application of the *Rooker-Feldman* doctrine. Plaintiff, in this latest application seeking reconsideration of that decision, disputes the applicability of that doctrine to this case, and asserts that the State judge erroneously made a factual determination on a summary judgment motion. Accordingly, the Court will assume that Plaintiff refers to Docket No. 21 in this latest application.

The Court has repeatedly cautioned Plaintiff to obtain counsel to assist him in this case. The Court's prior decision does not pass validity on the decision of the State court, but holds only that it is prevented from doing so by the *Rooker-Feldman* doctrine. As the Court observed in its November 13, 2008, Decision and Order, Plaintiff, by this lawsuit, is attempting to obtain a *writ of certiorari* for this Court to act as an appellate court and review the basis for the State decision. This is not permitted. In its prior decision, the Court wrote, "[a]s was the case in 1923 when Rooker was decided, only the Supreme Court has jurisdiction to hear an appeal from a state court action in which an appellant claims a

constitutional violation, 28 U.S.C. § 12575 (1988), and the district courts have original jurisdiction, not appellate jurisdiction, 28 U.S.C. § 1331 (1980)."[1]

Accordingly, the Court finds no basis for reconsidering its prior decisions determining that the portions of the complaint pertaining to the City's taking of the real property at issue should be dismissed. Plaintiff's motion (Docket No. 71) is denied.

IT IS SO ORDERED.

Dated: June 23, 2008
Rochester, New York

ENTER:

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge

---

[1] The Court also relied on the Tax Injunction Act in its Decision and Order. 28 U.S.C. § 1341 (1940).